UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P176-S

**THOMAS ALLEN CROW**                                                                                       **PLAINTIFF**

**v.**

**TOM DAILEY** *et al*.                                                                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Also before the Court is Plaintiff's motion to appoint counsel (DN 4). For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim and deny Plaintiff's motion to appoint counsel as moot.

### I. SUMMARY OF COMPLAINT

Plaintiff, Thomas Allen Crown, an inmate currently incarcerated at the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky, brings this suit against Warden Tom Dailey and Aramark Food Services Supervisor Mark Geddis in their individual and official capacities.

According to Plaintiff, on or about October 28, 2005, he was working in the dining hall at KSR when he slipped and fell on some orange juice "which overflowed from the juice containers he was unloading for breakfast." As a result of his fall, Plaintiff sustained three fractures in his right ankle that required surgery. Plaintiff believes the fall could have been prevented "if Aramark Supervisor Mark Geddis and Warden Tom Dailey would have inspected the working conditions in the kitchen and the fact that the latches on the juice containers were broken."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2) *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

A.   **Official Capacity Money Damages Claims**

Plaintiff sues Defendants in both their official and individual capacities. Pleading official capacity is another way of pleading suit against the entity of which a defendant is an agent, official, or employee. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because these Defendants are employees of the State, Plaintiff's official capacity claims are actually claims against the Commonwealth of Kentucky.

States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, under the Eleventh Amendment to the United States Constitution, this Court is deprived of jurisdiction over claims asserted directly against the Commonwealth. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Accordingly, the Court must dismiss Plaintiff's official capacity money damages claims against these Defendants.

B.   **Remaining Claims**

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.[1]  *See West v. Atkins*, 487 U.S. 42 (1988). In

---

[1] Aramark apparently contracted with the State to provide food services to the inmates. In the Sixth Circuit, "it is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Accordingly, for the purposes of initial review the Court presumed that Aramark was a state actor. *See also McCullum v. City of Philadelphia,* No. 98-5858, 1999 U.S. Dist. LEXIS 10423 (E.D. Pa. July 13, 1999) ("[T]he court finds that Plaintiff has sufficiently alleged facts which show Aramark was acting under color of state law for purposes of § 1983 . . . providing food service, like medical care, to [] incarcerated people is one part of the government function of incarceration.")

this case, Plaintiff alleges that Defendants violated his Eighth Amendment/Due Process rights by failing to inspect the kitchen prior to Plaintiff's shift exposing Plaintiff to an unsafe condition, *i.e.*, leaking orange juice.

As a general principle, a prison official has the duty to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A prison official is liable for failing to protect when a plaintiff proves the following: "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In other words, a prison official must act with deliberate indifference. *See Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988). A defendant acts with deliberate indifference when "he causes unnecessary and wanton infliction of pain . . . by deliberately disregarding a serious threat to [the inmate's] safety after actually becoming aware of that threat." *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (quoting lower court's deliberate indifference jury instruction with approval). Plaintiff's allegations in this case do not even come close to level of deliberate indifference required by the Sixth Circuit to state a claim under the Eighth Amendment/Due Process Clause.

At most, Plaintiff has alleged negligence on the part of Defendants. However, the Eighth Amendment/Due Process Clause is not implicated by a state official's mere negligent acts where no deliberate indifference is alleged by the plaintiff. *Daniels v. Williams*, 474 U.S. 327 (1986). In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmate's property, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would

>  trivialize the centuries-old principle of due process of law. . . Where a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is constitutionally required."

*Id.* at 332 (internal citations omitted).

Accordingly, the Court must dismiss Plaintiff's complaint in its entirety for failure to state a claim. Because the Court is dismissing the current action, Plaintiff's motion for appointment of counsel is moot, and the Court will deny it on that basis. The Court will enter an Order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Kentucky Justice & Public Safety Cabinet, Office of Legal Services

4411.008

5